VITTORIO DI FAZZIO, Appellant, v. HEWITT RUBBER COMPANY, Respondent.— Motion granted and appeal dismissed, with costs.

RUTH CHEW, as Administratrix, etc., Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Motion to dismiss appeal granted unless appellant shall file and serve briefs by May eighth, and be ready for argument on May fifteenth.

ALBERT E. SMITH, Respondent, v. FRANK J. NELSON, Appellant.— Motion to dismiss appeal granted unless appellant shall file and serve printed papers and briefs by May eighth, and be ready for argument on May fifteenth.

In the Matter of Proving the Alleged Last Will and Testament of ALICE FREELAND, Deceased.— Appeal dismissed, without costs, upon stipulation filed.

FRANK OSBORNE, Appellant, v. INTERNATIONAL RAILWAY COMPANY, Respondent.— Motion for leave to appeal to Court of Appeals granted.

ANGELINE M. SHEEHAN, Respondent, v. SAMUEL RAPPERPORT, Impleaded, etc., Appellant.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

ANNA M. STEEN, Respondent, v. EDWARD L. PARKER, Individually and as Trustee, etc., and Another, Impleaded with AMERICAN BONDING COMPANY OF BALTIMORE, Appellant.— Order affirmed, with ten dollars costs and disbursements, with leave to the appealing defendant to plead over within twenty days upon payment of the costs of the demurrer and of this appeal. Held, that in view of the allegations of the complaint that the bonding company refuses to cancel the bond without an accounting, and the absence of the precise contract between it and the trustee respecting the bond, it cannot be held that the complaint fails to state a cause of action. It would seem that at least an accounting by the trustee is proper. All concurred, except Foote, J., who dissented upon the ground that the demurrer should be sustained because the surety bond plaintiff seeks to have canceled is a valid and subsisting contract in the hands of the Eye, Ear and Throat Hospital of which it cannot be deprived without its consent. The accounting of the trustee is asked for only as a supposed necessary prerequisite to such cancellation.

ALVIN S. HALL, Individually and as Executor, etc., Respondent, v. JOHN J. ALLEN and Others, Appellants, and CARRIE MITCHELL and Another, Respondents.— Judgment affirmed, with costs. All concurred.

CHARLES B. GRAVES, Appellant, v. ADAM HERSPERGER, Respondent.— Judgment and order affirmed, with costs. All concurred.

KATE HESS, Respondent, v. RIBSTEIN-HOLTER COMPANY, INC., Appellant.— Order denying motion to vacate judgment affirmed, with ten dollars costs and disbursements. All concurred.

KATE HESS, Respondent, v. RIBSTEIN-HOLTER COMPANY, INC., Appellant.— Order denying motion for new trial affirmed, with costs. All concurred.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMESTOWN ELECTRIC MILLS, INC., Appellant.— Judgment and order reversed, and